UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LORRAINE LYONS

                    Plaintiff,                              1:20-CV-03120 (PAE)

    -v-

NEW YORK LIFE INSURANCE COMPANY                  **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

                    Defendant(s).

------------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED by and among counsel for the respective parties in this action as follows:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this litigation, it is therefore hereby

ORDERED that this Confidentiality Stipulation and Proposed Protective Order ("Order") applies to the parties to this action, their retained attorneys and staff, as well as to all persons required to sign a Non-Disclosure Agreement in the form attached to this Order, same being, without limitation, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order and such persons shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in discovery in the course of this litigation ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

2.      The person producing any given Discovery Material may designate as "Confidential" such portion(s) of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or which, in the good faith opinion of the producing person, warrants such a designation pursuant to the Federal Rules of Civil Procedure and interpretive case law.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential by a party either (i) on the record during the deposition or (ii) for up to thirty (30) days after receipt of the deposition transcript whether electronically or in printed format by that party.

4.      At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential by informing all parties in writing that the Discovery Materials should be treated as Confidential under this Order. In such event, the parties shall make reasonable efforts to ensure that those to whom such material was previously disclosed return or destroy all copies of such material, provide a certification that all such material has been returned or destroyed, and ensure that no further disclosures are made.

5.      The Parties agree keep any dates of birth and social security numbers as Confidential. The Parties agree not to file or publicly disclose any documents containing a date of birth or social security number unless the date(s) of birth or social security number(s) is redacted in the document.

6.      No person subject to this Order other than the producing person shall disclose any of

the Discovery Material designated as Confidential by the producing person to any other person, except:

    i)    the parties to this action;

    ii)    any director, officer or employee of Defendant in this action, to the extent deemed necessary by counsel for the Plaintiff, Defendant or settlement of this action;

    iii)    counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

    iv)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    v)    any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    vi)    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (and the employees and agents of such person), provided such person and the employees and agents of such person, has first executed a Non- Disclosure Agreement in the form attached to this Order;

    vii)    any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

    viii)    stenographers engaged to transcribe depositions conducted in this action; and

    ix)    the Court and its support personnel.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in Paragraph 6 above who is designated as having to sign a Non-Disclosure Agreement, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

8. For applications and motions to the Court in connection with which a Party submits Confidential Discovery Material, all documents containing such Material that are submitted to the Court shall be filed electronically and under seal pursuant to the procedures provided in Judge Engelmayer's Individual Rules of Practice for Civil Cases, Rule 4.B, except as otherwise modified by the Court or as agreed in writing between the Parties. The parties agree that the Court is

ultimately responsible for determining whether there is sufficient justification for the non-public filing of Confidential Discovery Material, and should the Court deny a party's request to file a particular document under seal, it will be not be a breach of this Agreement for a Party to publicly file such document.

9. Notwithstanding the preceding paragraph, to avoid the unnecessary filing of documents under seal, counsel for the parties will discuss, in good faith, the need to file Confidential Material under seal. If the parties agree that Confidential Material may be publicly filed, such filing will not be a breach of this Agreement.

10. Irrespective of any designation as Confidential, Confidential Discovery Material does not include any document or information which is (i) in the public domain, or, (ii) enters the public domain after execution of this Agreement, provided that the document or information is not made public by a receiving party (or such party's agent) in violation of this Agreement or otherwise by a receiving party (or such party's agent) in a wrongful manner.  Notwithstanding any other term in this Agreement, designation of any document or information as "Confidential" pursuant to this Agreement shall not prohibit a Producing Party from using its own documents or information in the ordinary course of its business in a manner that is consistent with its efforts to maintain the confidentiality for such material.

11. Any party who objects to any designation of confidentiality or to further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court.

12. Each person who has access to Confidential Discovery Material shall take all

precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, either return to the disclosing party or destroy, all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. If the receiving party challenges the claim of privilege and/or inadvertent disclosure, the receiving party shall keep all copies of the asserted Inadvertently Disclosed Information confidential, sequestered and sealed in storage in said receiving party's attorney's possession, custody or control, pending a meet-and-confer with the producing party. If following the parties' meet-and-confer, the parties have not succeeded in resolving issues, the producing party may move the Court for a protective order for the Inadvertently Disclosed Information. If such a motion is not made within 15 calendar days of the meet and confer then the claim of inadvertent disclosure and/or privilege shall be deemed withdrawn and of no further force or effect. Pending the outcome of the motion, any claimed Inadvertently Disclosed Information sequestered pending determination by the Court as to whether it is privileged must not be used or disclosed (except for purposes of the motion for the protective order) until the claim of inadvertent disclosure and/or privilege is resolved, and thereafter shall be treated in accordance with the Court's determination of the issue. The motion shall be filed under seal and the receiving party shall not assert as a ground for denying such an order, waiver of privilege based on the fact or circumstances of the inadvertent production.

15. Within thirty (30) days of the final disposition of this action, upon request by the producing party, all Discovery Material designated as "Confidential" by the producing party, including copies thereof, shall either be returned promptly to the producing person, or destroyed. Each producing party shall maintain one copy of all Discovery Material it designated as "Confidential" in storage for at least 3.5 years following the final disposition of this action.

Notwithstanding the foregoing, any and all:

i) electronic versions of Discovery Material designated as "Confidential," shall be destroyed by the non-designating/receiving party; and

ii) deposition transcripts memorializing the adverse party's deposition(s), including those designated as "Confidential" and those not designated as "Confidential" shall be destroyed by each adverse party.

16. This Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Stipulation and Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

17. Nothing in this Order shall preclude a party offering information subject to this Confidentiality Order into evidence or from using any such information in the course of examining or cross-examining any witness at the trial of this action or during a deposition conducted in this action. Notwithstanding the foregoing, the provisions herein regarding the protection of Confidential Discovery Material remain applicable.

18. This Order shall survive and continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed pursuant to or in violation of this Order.

19. This Order shall be, and is hereby, adopted by the undersigned attorneys, with or without Court signature, as an order of this Court, as though it were submitted to the Court for signature, which shall be effective as of the date hereof.

Dated: January 20, 2021
      New York, New York

| | |
|---|---|
| **LAW OFFICES OF ARNOLD PEDOWITZ** | **MORGAN, LEWIS & BOCKIUS LLP** |
| By: *s/ Arnold E. Pedowitz*<br>Arnold E. Pedowitz, Esq.<br>Attorney for Plaintiff<br>260 Madison Avenue, 17th Floor<br>New York, NY 10016<br>212-403-7321<br>pedowitz@pedowitzmeister.com | By: *s/ Melissa C. Rodriguez*<br>Melissa C. Rodriguez, Esq.<br>Attorney for Defendant New York Life Insurance Company<br>101 Park Avenue<br>New York, New York 10178<br>Tel: (212) 309-6207<br>melissa.rodriguez@morganlewis.com<br><br>By: *s/ Jade Yee*<br>Jade Yee, Esq.<br>Attorney for Defendant New York Life Insurance Company<br>101 Park Avenue<br>New York, New York 10178<br>Tel: (212) 309-6615<br>jade.yee@morganlewis.com |

**SO ORDERED**: _____
                     **PAUL A. ENGELMAYER, U.S.D.J.**

January 20 , 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
LORRAINE LYONS                                  :
                   Plaintiff,              :       1:20-CV-03120 (PAE)
   -v-                                          :
                                                  :       **NON-DISCLOSURE**
NEW YORK LIFE INSURANCE COMPANY                 :       **AGREEMENT**
                 Defendant(s).           :
:
:
------------------------------------------------------------------X

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action (the "***Order***").  I agree that I will not disclose any Confidential Discovery Material shown/given to me and produced in this litigation to anyone other than to persons entitled to receive same pursuant to Section 6 of the Confidentiality Stipulation and Protective Order and for purposes of this litigation. I further agree that at the conclusion of the litigation I will return all Confidential Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.


Dated: _____              _____