UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

LORRAINE LYONS,

                        Plaintiff,

         -v-

NEW YORK LIFE INSURANCE
COMPANY,

                        Defendant.

20 Civ. 3120 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

    The Court has reviewed letters from the parties concerning a recent discovery dispute between plaintiff Lorraine Lyons ("Lyons") and defendant New York Life Insurance Company ("NY Life"). *See* Dkts. 32 ("Lyons Ltr."), 33 ("NYL Resp."). The Court resolves that dispute in favor of Lyons.

    Lyons brings claims for gender and age discrimination and retaliation, as well as for unequal pay, all under federal and state law. Dkt. 15 ("Am. Compl.") ¶¶ 65–82. Between 2009 and her 2018 termination, Lyons worked as a Long-Term Care Consultant ("LTCC") for NY Life. *Id.* ¶¶ 11, 45. In that role, she worked with NY Life's managers and sales agents to support those employees' sales efforts. *Id.* ¶ 12. She alleges that while an LTCC at NY Life, she was paid less than similarly situated male LTCCs, *id.* ¶¶ 17–18; received unwarranted negative evaluations ("MOUs") which worse-performing, younger, male LTCCs did not receive, *id.* ¶¶ 33–35, 46, 48; was passed over for a promotion in favor of a younger, female employee with worse performance than Lyons, *id.* ¶ 23; was denied certain assignments in favor of worse-performing male LTCCs, *id.* ¶¶ 25, 27–28; and was terminated discriminatorily and in retaliation for complaints of disparate treatment, *id.* ¶¶ 38, 43–45, 47–51.

Lyons seeks records containing comparative performance and disciplinary data for all NY Life LTCCs between 2015 and July 30, 2019. Lyons Ltr. at 1. NY Life states that it has provided Lyons with such data for the period between 2017 and the end of 2018—three months after Lyons was terminated. NYL Resp. at 1–2. But it argues that pre-2017 information is irrelevant because the statutes of limitations for Lyons's discrimination and retaliation claims preclude liability for any acts before 2017,[1] and post-termination events are irrelevant to any aspect of her claims. *Id.* at 3. Lyons responds that 2015 data are relevant because, in 2015, NY Life first retaliated against her for complaining "about new male hires being paid more for doing the same work as" her. Lyons Ltr. at 2. She also argues that 2015 to 2016 data about comparator LTCCs are relevant to showing that she was discriminated and retaliated against in 2017 and thereafter, as performance and disciplinary data could reflect whether she was treated differently than similarly situated younger or male LTCCs. As to 2019 information, Lyons argues that two older LTCCs were terminated in 2019, purportedly because their positions were "eliminated," but that two new LTCCs were then hired to replace them, and that LTCC data during the periods leading up to their termination may shed light on NY Life's treatment of these other older employees. Accordingly, she seeks LTCC data not only for the 2017 to 2018 period already produced, but also for 2015 to 2016 and the first half of 2019.[2]

As to pre-2017 information, NY Life's statute-of-limitations argument is incorrect. It is well established that "expiration of the limitations period does not bar 'an employee from using [] prior acts as background evidence in support of a timely claim.'" *Davis-Garett v. Urb. Outfitters,*

---

[1] As to Lyons's unequal-pay claims, NY Life acknowledges that the applicable statute of limitations stretch back to 2015, and so has produced salary information for all LTCCs for all of 2015 to 2018. NYL Resp. at 2.

[2] As NY Life notes, Lyons is not pellucid as to the specific data she seeks. However, the Court does not construe Lyons's letter to challenge NY Life's production of 2017 to 2018 data, which appears substantial. NYL Resp. at 1–2. Thus, the Court understands Lyons to seek only the same type of data already produced for 2017 to 2018, but now also for other years. To the extent Lyons seeks other information and NY Life opposes the request, *see id.* at 2 n.5, the parties must meet and confer in good faith to resolve any such dispute.

2

*Inc.*, 921 F.3d 30, 42 (2d Cir. 2019) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).  NY Life's response that such uses are limited to hostile-work-environment claims involving the continuing-violations doctrine is meritless.  *See* NYL Resp. at 3 n.6.  "Courts in this Circuit have repeatedly held that even when the continuing violation theory does not apply, a plaintiff may seek discovery as to time-barred incidents . . . ."  *Deveer v. Gov't Emps. Ins. Co.*, No. 07 Civ. 4437 (JS) (AKT), 2008 WL 11449323, at *2 (E.D.N.Y. May 30, 2008) (collecting cases); *see Govia v. Century 21, Inc.*, 140 F. Supp. 2d 323, 325 (S.D.N.Y. 2001) (finding no basis for application of continuing-violations doctrine but holding that plaintiff "may still seek discovery regarding the alleged incidents that occurred before" timely claims accrued); *see also Deluca v. Sirius XM Radio, Inc.*, No. 12 Civ. 8239 (TPG), 2016 WL 3034332, at *1–2 (S.D.N.Y. May 27, 2016) (under the "liberal civil discovery rules" appropriate for employment-discrimination cases, plaintiff was entitled to discovery regarding pay disparities outside the statute of limitations).  In fact, contrary to NY Life's attempt to distinguish it, the Second Circuit's decision in *Davis-Garett* specifically held that background evidence is admissible "even with respect to a claim of *discrete* discriminatory or retaliatory acts," 921 F.3d at 42 (emphasis added), after separately discussing its relevance in the context of continuing violations, *id.*

      Although NY Life is correct that evidence of untimely acts may not have substantial probative value if Lyons cannot connect such acts to timely claims of discrimination or retaliation, *see Siclari v. N.Y.C. Dep't of Educ.*, No. 19 Civ. 7611 (AJN), 2020 WL 7028870, at *7 (S.D.N.Y. Nov. 30, 2020) (court "can consider both timely and untimely allegations," but granting motion to dismiss because nothing connected the two), that does not render such evidence irrelevant, *see, e.g.*, *Deveer*, 2008 WL 11449323, at *3; *see also Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (Rule 26's "obviously broad" standard for discoverable evidence, under which evidence need not be admissible to be discoverable, "is liberally construed"); *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004) ("Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept.").

And Lyons has articulated a reasonable basis to consider 2015 to 2016 and 2019 LTCC data relevant. She argues that NY Life's retaliation against her began in 2015 when she first complained that she was paid less than her male counterparts. *See* Lyons Ltr. at 2.[3] Further, 2015 and 2016 performance and disciplinary information could have been relevant to employment decisions made in 2017, such that comparisons between Lyons's record and those of younger or male employees in those years could bear on whether she was subject to disparate treatment or singled out in 2017 or later. *See id.* Last, as to 2019, Lyons identifies at least two potentially similarly situated older LTCCs who were terminated that year. Whether they had better performance or disciplinary records than similarly situated younger employees in the quarters leading up to their terminations could bear on whether NY Life engaged in age discrimination in terminating these three older employees, including Lyons, within a year of each other. Moreover, although NY Life characterizes Lyons's request as "expansive," NYL Resp. at 2–3, it does not argue that the production of the specific information sought in the instant motion would be unduly burdensome to produce or disproportionate to the needs of the case.[4]

Accordingly, the Court grants Lyons's motion to compel NY Life's production of LTCC data for 2015 to 2016 and January 1 to July 30, 2019, but only to the extent that such data parallels the information that NY Life has already provided or agreed to provide for 2017 to 2018.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: April 14, 2021
       New York, New York

---

[3] NY Life notes that Lyons does not mention the 2015 MOU incident in her Amended Complaint. *See* NYL Resp. at 3. But it does not cite any authority for the notion that discovery must be limited to specific incidents expressly identified in a complaint. *Id.*

[4] That said, given NY Life's description of Lyons's proliferating discovery demands, *see id.* at 1–2; *id.*, Exs. A–E, the Court urges the parties to work collegially to complete the remaining discovery in this case as efficiently and collaboratively as possible.