UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORRAINE LYONS, | |
| Plaintiff, | 20 Civ. 3120 (PAE) |
| -v- | ORDER |
| NEW YORK LIFE INSURANCE COMPANY, | |
| Defendant. | |

PAUL A. ENGELMAYER, District Judge:

The Court has received a request from plaintiff Lorraine Lyons seeking permission to take an 11th deposition in this case, as well as an opposition to that motion by defendant New York Life Insurance Company ("NY Life"). Dkts. 38 ("Lyons Ltr."), 39 ("NYL Ltr."). For the following reasons, the Court grants Lyons's motion.

Federal Rule of Civil Procedure 30(a)(2)(A) requires a party seeking to take more than 10 depositions to obtain leave of court or the other side's consent. The Court's discretion in deciding whether to grant leave is guided by the principles set forth in Rule 26, which provides that a Court must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). A court may "allow more than ten depositions if the party who is seeking discovery has shown why it is necessary." *Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc.*, No. 05 Civ. 5741 (HB), 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005). To do so "the moving party must not only justify those depositions it wishes to take, but also the depositions it has already taken." *Gen. Elec. Co. v. Indem. Ins. Co. of N. Am.*, No. 06 Civ. 232 (CFD), 2006 WL 1525970, at *2 (D. Conn. May 25, 2006).

Here, however, Lyons does not argue that the, in absolute terms, case requires 11, as opposed to 10, depositions.[1] Her motion is instead more narrowly focused on the fact that NY Life erroneously identified a human resources ("HR") witness, Beth McGrath, as having relevant knowledge about Lyons's termination from NY Life, when a different employee, Jeff Goldstein, was the knowledgeable member of that office. *See* Lyons Ltr. at 1–2. Lyons only learned that McGrath did not know, or even review, the reasons for Lyons's termination when, at McGrath's deposition, McGrath passed the buck to Goldstein. *See id.* at 3 (McGrath testified that she had not reviewed the substance of Lyons's purported performance issues, or the facts underlying them, but that Goldstein had); *see also* NYL Ltr. at 2 n.3 (NY Life claims to have also first learned of Goldstein's involvement at McGrath's deposition). Thus, Lyons argues that, had NY Life accurately disclosed that Goldstein, not McGrath, was the HR employee with knowledge of the reasons for Lyons's termination, she would have deposed him, *not* McGrath, and that NY Life's error caused her to waste one of her 10 depositions on McGrath.

Framed as such, Lyons's motion is clearly meritorious. Had NY Life's discovery responses been complete and accurate, Lyons would not be seeking another deposition. Her request is thus not "unreasonably cumulative or duplicative," but rather entirely reasonable and necessary. She seeks, in effect, to proceed as though NY Life had identified the correct HR witness in the first place. Regardless of NY Life's views on the relevance of the other nine witnesses whom Lyons has depose or plans to depose, *see* NYL Ltr. at 3, Lyons is entitled to

---

[1] Nor could she, given the straightforward nature of this two-party employment discrimination and retaliation action. *See* Lyons Ltr. at 3 (noting that, absent the special circumstances presented in her letter, she "would not now be requesting permission for an eleventh deposition"). In light of that assessment, the Court would be very unlikely to grant further depositions beyond those discussed in this order.

a mulligan on the McGrath deposition. This circumstance is analogous to that in which a party belatedly discloses a trial witness, where courts routinely reopen discovery for the limited purpose of allowing the deposition of the newly identified witness, generally without inquiring into the number or relevance of witnesses previously deposed. *See, e.g.*, *Benzinger v. Lukoil Pan Ams., LLC*, No. 16 Civ. 8533 (PAE), 2021 WL 431169, at *5 (S.D.N.Y. Feb. 8, 2021); *Rojo v. Deutsche Bank*, No. 06 Civ. 13574 (HB), 2009 WL 3790191, at *5 (S.D.N.Y. Oct. 30, 2009); *NIC Holding Corp. v. Lukoil Pan Ams., LLC*, No. 05 Civ. 9372 (LAK) (FM), 2007 WL 1467424, at *5 (S.D.N.Y. May 16, 2007). Nor is Lyons's request premature. The Court does not see any reason to postpone resolving this dispute until after Lyons has completed the depositions of 10 witnesses other than Goldstein. And NY Life's sole case on this point is far afield. *See Gen. Elec.*, 2006 WL 1525970, at *2 (discovery had not yet begun, plaintiff had not noticed any depositions or identified any deponents, and sought leave to take 75 depositions).

Thus, the Court grants Lyons leave to depose Jeff Goldstein as her 11th deposition.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 38.

SO ORDERED.

*[signature]*
PAUL A. ENGELMAYER
United States District Judge

Dated: June 4, 2021
      New York, New York