UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LORRAINE LYONS,

         Plaintiff,

    -v-

NEW YORK LIFE INSURANCE
COMPANY,

         Defendant.

20 Civ. 3120 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

  The Court has received a request from plaintiff Lorraine Lyons seeking to "resume" the depositions of two witnesses in this case, and an opposition to that motion by defendant New York Life Insurance Company ("NY Life"). Dkts. 43 ("Lyons Ltr."), 45 ("NYL Ltr."). For the following reasons, the Court denies that motion.

  First, Lyons's counsel has—apparently flagrantly—disregarded the Court's Individual Rule 2.C, which requires parties to "confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute" before filing any such motion. Although the parties commenced a telephonic meet-and-confer, NY Life reports that Lyons's counsel almost immediately cut that meeting short by profanely insulting NY Life's counsel and hanging up the phone. *See* NYL Ltr. at 2. Lyons's counsel obliquely appears to concede the accuracy of this report, self-servingly claiming to have "experienced an involuntary emotional trigger that caused [him] to end the call" after defense counsel began to explain her client's position, before apologizing via email—but apparently refusing to continue the meet-and-confer process. *See* Lyons Ltr. at 1 n.1; NYL Ltr. at 2. The Court regrets this unprofessional lapse by Lyons's counsel, which, given its

violation of the Court's Individual Rules, independently requires denial of Lyons's motion. Going forward in this case, the Court expects much more of counsel appearing before it.

Second, on the merits, Lyons has not offered a persuasive basis to grant her request. Despite having deposed the two witnesses at issue for 6.5 and 5.8 hours, respectively, she argues that NY Life's production of 40,000 pages of discovery after those depositions requires several more hours of questioning for each, given their importance to the case. *See* Lyons Ltr. at 2–3. In general, a party may not depose a person more than once without leave of court. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (court must grant such leave if consistent with Rule 26(b)(1) and (2)); *see also* Fed. R. Civ. P. 30(d)(1) (party is limited to a deposition of "1 day of 7 hours" unless otherwise stipulated or ordered by the Court). However, "[t]he Court must allow" an additional deposition "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination," and if such additional time is "consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(d)(1); *see also* Fed. R. Civ. P. 26(b)(1) (requiring all discovery to be "proportional to the needs of the case," considering, *inter alia*, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit"). In deciding whether a second deposition of a deponent is justified, the Court has "discretion to make a determination which is fair and equitable under all the relevant circumstances." *United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 114 (S.D.N.Y. 2017) (quoting *Ganci v. U.S. Limousine Serv., Ltd.*, No. 10 Civ. 3027 (JFB) (AKT), 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011)).

Lyons has not shown that further depositions of the witnesses at issue are justified. She claims that both individuals—who were Lyons's managers while she was employed by NY Life—are important witnesses, and that she needs to ask further questions of each in light of

unspecified "matters that were first revealed by Defendant's other employees during their depositions, and facts disclosed by Defendant's document production which occurred subsequent to" these witnesses' depositions. Lyons Ltr. at 3.[1] But she has not proffered any specific topics, issues, or questions raised by later discovery, or why these particular witnesses are relevant, let alone important, witnesses with respect to those matters. And, importantly, she was well aware that document and deposition discovery were ongoing when she chose to depose these individuals. *See, e.g.*, *Prevezon Holdings*, 320 F.R.D. at 115 ("A court may deny a second deposition even if relevant documents are produced subsequent to the [first] deposition if the party taking the deposition . . . chose to conduct the deposition prior to the completion of document discovery." (citation omitted)). In sum, Lyons has not provided any basis to conclude that "the burden of a second deposition" would not "outweigh[] its potential benefit," *id.*, much less that additional time is "needed to fairly examine the deponent," Fed. R. Civ. P. 30(d)(1).[2] Accordingly, the Court denies Lyons's motion.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 43.

---

[1] Lyons insinuates that NY Life's document production was either belated or overly burdensome. *See* Lyons Ltr. at 2–3. But, as NY Life notes, NY Life made this production six weeks before the close of fact discovery and four weeks before the close of depositions, and did so largely in response to Lyons's broad request for "all daily, weekly, monthly and quarterly production reports sent to Plaintiff and each of her peers every day over a four-year period," NYL Ltr. at 2 n.3 (emphasis omitted).

[2] In its letter, NY Life speculates that Lyons's motion may be aimed at forcing an extension of the parties' July 15, 2021 deadline for the completion of depositions. *See* NYL Ltr. at 1 & n.1. Without crediting NY Life's account of Lyons's counsel's motivations, the Court notes that it does not expect to grant any further extensions of discovery in this case. The Court originally, and reluctantly, granted the parties' joint request for an elongated, seven-month period for fact discovery in this straightforward employment-discrimination case, but noted that it did not intend to grant any extensions of that period. *See* Dkt. 24. Even so, upon another joint application, the Court did extend the fact discovery period here by another two months. *See* Dkt. 37. Absent truly extraordinary circumstances, the Court will not extend these deadlines further.

3

SO ORDERED.

                                                                                       *Paul A. Engelmayer*
                                                                                       PAUL A. ENGELMAYER
                                                                                       United States District Judge

Dated: July 15, 2021
           New York, New York