UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LORRAINE LYONS,

                           Plaintiff,

      -v-

NEW YORK LIFE INSURANCE
COMPANY,

                           Defendant.

20 Civ. 3120 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      The Court has received a request from plaintiff Lorraine Lyons seeking an order compelling defendant New York Life Insurance Company ("NY Life") to (1) "produce records showing the comparative production numbers" for Lyons and her peer colleagues; (2) "travel information of her supervisor;" and (3) produce a witness for a deposition. Dkt. 47 ("Lyons Ltr."). The Court has also received an opposition to that motion by NY Life. Dkt. 48 ("NY Life Ltr."). Largely for the reasons given by NY Life, this Court denies Lyons's motion.

      Depositions in this case were set to close on July 15, 2021, and fact discovery closed on July 30, 2021. *See* Dkt. 37. On July 15, 2021, this Court issued an order resolving a discovery dispute between Lyons and NY Life. Dkt. 46. There, the Court stated that "[a]bsent truly extraordinary circumstances, the Court will not extend these deadlines further." *Id.* at 3 n.2.

      Lyons has not shown that "truly extraordinary circumstances" are present to warrant extending the deadlines set by the Court. First, although Lyons generally seeks comparative production numbers, Lyons Ltr. at 1–2, Lyons "does not articulate which records she seeks now" and NY Life has produced several records from which Lyons could draw relevant information, NY Life Ltr. at 2–3. Second, Lyons has requested the travel logs of Lyons's supervisor,

Courtney Crenshaw. Lyons Ltr. at 2. But NY Life has provided several other relevant records, including screenshots of Ms. Crenshaw's Outlook calendar. NY Life Ltr. at 3.

Third and finally, Lyons has requested to take the deposition of an unspecified person on the accuracy and finalization of productivity numbers. *See* Lyons Ltr. at 2. Lyons states that she "was ready to go forward on July 15th . . . but because Defendant did not have a witness it could not be done," and "learned that Defendant, relying on this Court's July 15th Order, took the position that they would not produce anyone." *Id.* at 2–3. But NY Life writes that Lyons was treating the July 15 deposition as "a place holder" and sought to reschedule the deposition for a date after the close of deposition discovery. NY Life Ltr. at 2. In either case, the circumstances here are not so "truly extraordinary" to warrant an additional extension of time. Accordingly, the Court denies Lyons's motion.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 47.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: August 3, 2021
       New York, New York